SEYMOUR SELLICK vs. PETER STARR.

That a lease of land for the life of lessee may be presumed, as well as any other estate, when the facts proved, are calculated to raise such presumption.

That a purchaser, from the original owner, is bound to notice such a possession, and can only hold subject to it.

The case came up from the County Court upon the following bill of exceptions :

This was ejectment for the land · on which the office of the defendant stands, in the village of Middlebury.

Plea, *Not guilty,* and trial by jury.

The plaintiff gave in evidence two deeds from Gamaliel Painter to Epaphras Miller ; one bearing date December 6th, 1800, and the other August 9th, 1805 ; and proved, that the spot of ground in question is contained in one or both of these deeds. And it was admitted, that said Painter had a good title. The plaintiff also gave in evidence a deed of the premises sued for, from said Miller to himself, dated October 16th, 1827.

The defendant gave in evidence a deed from said Miller to himself, of a piece of ground about twenty-three feet long and sixteen feet wide, situate near the spot in question ; and also a lease from said Miller to himself of the

same land ; the deed being dated August 9th, 1805, and the lease March 10th, 1808.

It appeared that, immediately after the execution of said deed to the defendant, in 1805, he erected the office aforesaid on the land described in said deed and lease ; and occupied the same until some time in the year 1810, when he removed to the office formerly occupied by the late Samuel Miller, and continued there until September, A. D. 1812.

It further appeared in evidence, that, soon after the defendant had so removed, the said Miller, wishing to erect a large building on the land which was in part covered by the defendant's said office, agreed with the defendant that said office should, at the expense of said Miller, be removed to another place on said Miller's land, and fitted up for use : that, while the defendant should continue in the office, to which he had removed, he should enjoy the same, free of rent ; and the said Miller, during the same time, should have the rents and profits of the office in question : but that the defendant should have a right to return to his former office at any time within two years. Said Miller did thereupon remove the office in question to the place where it now stands, and there fitted it up for use, and rented it until September, 1812, when the defendant returned and took possession of it. In the mean time, said Miller had occupied the ground from which said office was removed, by erecting a large building on that and other adjoining ground ; which building is yet standing.

It further appeared, that the defendant had occupied the office where it now stands, from the time of his so resuming possession of it in September, A. D. 1812, till the present time, without any payment or demand of rent, or any stipulation for rent; and that he had, on several occasions, asserted, that he owned a life estate in the office and land ; but no conveyance or writing was shown from Miller, or any other person, to the defendant, in relation to the land where said office stands. Said Miller being a witness, testified, that he had given no deed or writing to defendant.

It further appeared that, shortly before the date of the deed from Miller to the plaintiff, an arrangement began to be talked of between said Miller and the defendant, by

ADDISON,
January,
1833.

Sellick
vs.
Starr.

which said Miller was to remove said office to another place on his land; and the defendant, with said Miller, and also with the plaintiff, examined the new location for said office. The arrangement for the removal was agreed on about the time of the date of said deed to the plaintiff: and, after the date of said deed, the plaintiff, being about to leave home, appointed said Miller to superintend the removal. And the defendant having prepared the office to be removed, said Miller commenced the removal, and drew it from off its foundation into the highway : and, a dispute arising between him and the defendant respecting the position in which the office was to stand in its new location, the defendant prevented the further removal—replaced the office on its former foundation, and has there occupied it ever since. Some time after this, the action was commenced ; and there was no evidence of any communication between the plaintiff and Miller or defendant, in relation to said office or land, from that time till this action was brought.

The defendant contended, and requested the Court to charge the jury, that, on this showing, he was entitled to hold a life estate by the Statute of Limitations, or presumption of a grant of such estate. But the Court refused so to charge; but instructed the jury, that, on this showing, the defendant did not appear to have acquired any legal right, by which he could resist the action; and that the plaintiff was entitled to recover for the use of the land, not of the office, after it was replaced as aforesaid.

Verdict and judgement for the plaintiff. And to the decision and charge aforesaid, the defendant excepts. Exceptions allowed, and passed to the Supreme Court.

*Argument for the defendant.*—1st, The lease from Epaphras Miller, bearing date in 1808, of the land, on which defendant's office then stood, was a lease for *the life of the defendant ;* and the contract, under which the removal of the office by Miller in 1810 was made, was a contract for the exchange of the two pieces of land between the parties, and was followed by the exchange of possession. In the case of the exchange of lands, or any freehold interest therein, *without deed,* followed by a change of possession, the continued possession of the parties for fifteen years,

ADDISON,
January,
1833.

Sellick
vs.
Starr.

completes the title in each. It is a *contract executed*; and the Statute of Limitations operates to confirm the title.—The defendant had occupied the ground, where his office now stands, about eighteen years previous to the bringing this action.—See 2 Black. Com. 323.

2d, The arrangement for another exchange in October, 1827, does not *alter* the rights of the parties. It did not proceed, *so far as it did proceed*, upon any claim of right by Miller, or the plaintiff. It was an arrangement for mutual accommodation, without any consideration, it not being carried into effect. It was no waiver of any right by the defendant.

3d, By lapse of time, Miller's title is complete to the land, where the office originally stood. The defendant is divested of his interest there. If he is not to hold the land, on which his office now stands, for life, it is giving effect to a fraudulent act in Miller and the plaintiff to dispossess the defendant. The deed to the plaintiff, from Miller, was not perfected by acknowledgement, until just before the commencement of this action, when the possession of the defendant was adverse to Miller, as it was also at the date of the deed in October, 1827.

4th, The Court erred in not charging the jury, that from the length of time the defendant had had the exclusive possession of the premises, they were at liberty to presume the execution of a lease of the premises in question, by Miller to the defendant for his life.—See 1 Swift's Digest, 165–6.—2 Saunders' Rep. 175, *a* —3 Term Rep. 159, *Read* vs. *Brookman.*—1 Bos. & Pul. 400, *Holcroft* vs. *Heel.*—5 Cranch, 276, *Hepburn* vs. *Auld.*—5 Con. Rep. 302, *Camp* vs. *Camp.*

5th, The Court erred in charging the jury, that the plaintiff was entitled to recover as damages, a ground rent from the date of his deed, viz. in October, 1827 : whereas the defendant had no notice of any deed to the plaintiff, nor had the plaintiff made any claim of the defendant until the commencement of this action.

*Argument for the plaintiff.*—1. As Mr. Starr went into possession of the disputed premises under Mr. Miller, and by his consent, and never gave him notice of any adverse

ADDISON,
January,
1833.

Sellick
vs.
Sarr.

claim, their respective rights must depend upon the contract or understanding.  And, as between them, the Statute of Limitations could have no operation.  It can hardly be necessary to state the familiar principle, that the statute attaches only to an adverse claim, and such an invasion of the owner's rights as he might, and ought to redress by suit.

2.  The Statute of Limitations, which provides, that no action shall be brought but within fifteen years after the entry upon land, has been construed to confer a good title in fee, upon an individual, who has been in possession claiming title fifteen years.  But it is denied, that an estate for years, or for life, can be acquired in this way.—These are particular estates carved out of larger estates, and imply a *superior*, under whom the right it enjoyed.—2 Aiken, 269, *Miechell* vs. *Walker*.

3.  But however the case might be between *Miller* and *Starr*, the latter had no paper or recorded title ; nor does it appear, that Sellick had any notice of any right, or claim, of Starr to the premises.

In such a case, the circumstance that Starr occupied the premises, could not be regarded as notice to Mr. Sellick of some invisible, disputed claim.

But if, in any case, the possession alone would be sufficient to put the purchaser on the guard, and induce enquiry as to the right; it is sufficient in this case, that Mr. Starr consented to remove.

Mr. Sellick found the title to the premises in Mr. Miller, and Mr. Starr in possession.  Mr. Starr, without any pretence of a claim, consented to remove, and Mr. Sellick purchased.  It would be strange if his claim could be defeated.

HUTCHINSON, C. J.—This is an action of ejectment for the land on which the defendant's office stands.  The plaintiff claims title to the same by virtue of a deed from Epaphras Miller.

The defendant contends, that he ought to be protected in his possession, either by the Statute of Limitations, or the presumption of a grant, or lease, from said Miller, of a life estate in the premises.  He urges this from various circumstances, detailed in the bill of exceptions.

ADDISON,
January,
1833.

Sellick
vs.
Starr.

It there appears, that the defendant had a deed and lease for his life, from Miller, of the other piece of land, on which the defendant's office was first erected ; that Miller, with the consent of the defendant, moved the defendant's office from said premises, where it was erected, on the defendant's life estate, to its present location, and erected a permanent building where this office first stood, and extending on to land of said Miller, where he has occupied it till his title has become established by the Statute of Limitations, if he claimed to possess in his own right, as appears probable by the bill of exceptions. It also appears, that the defendant has occupied his office, in its present location, more than fifteen years—ever since September, 1812, without paying rent, and without any demand of rent by Miller ; and that the defendant several times asserted, that he had a life estate in the office and land. The defendant contended, that all these circumstances together were sufficient to warrant such presumption, without showing a deed or lease ; notwithstanding Miller testified, that he never gave any deed or lease, as he recollected.

We cannot read this statement without strongly suspecting, that it was probably the understanding of Miller and the defendant, that the defendant should occupy his office, in its new location, as long as he would have had a right to occupy it, in its first location. And, after fifteen years possession, perhaps after a shorter period, the defendant possessing without demand of rent, it ought to be presumed, or rather, the jury might well presume, that such understanding was perfected by a life lease, in the outset ; though that lease is not now to be found, nor is recollected by Miller.

Indeed, a contrary position would seem incredible, either in reference to Starr or Miller. That Starr should permit Miller to move his office from his own life estate, upon land of Miller, and erect upon this life estate a permanent building for the use of Miller, and extending to Miller's other lands, and the defendant have no compensation for this, and have no security against his being ousted any day, is not easily to be credited. Nor, can we believe, that Miller did all this without some security that the defendant should not claim possession, during his life,

ADDISON,
January,
1833.

Sellick
vs.
Starr.

of the portion of this new building, which stood on the defendant's life estate. And the longer the parties acquiesced in this new arrangement, and peaceably occupied the respective buildings in conformity with it, the stronger is the presumption, that each confirmed the exchange by an appropriate conveyance to the other. The eighteen years possession by each, with no demand of rent, and no marks of acknowledged tenancy, is sufficient to put the question at rest during the life of the defendant. Any thing is to be presumed ,which might lawfully exist, to quiet so long a possession. In 4th Term Reports, 682, *Syburn* vs. *Slade*, the lessors of the plaintiff produced a lease from one *Geo. Pym*, who had been of age about four years. It appeared, that the estate had been given by will to trustees, in trust to convey to George Pym on his arriving at the age of twenty-one years. The plaintiff was nonsuited because the legal title was in the trustees. The nonsuit was set aside in Bank; Lord Kenyon and the whole Court agreeing, that there was no reason why the jury should not have presumed a conveyance from the trustees to George Pym; adding, it was their duty to have thus conveyed, and it must be presumed they did their duty.

In the 11th of East. Rep. 376, *Trustees* vs. *Merryweather*, it was holden, that six years use was sufficient to found the presumption of a dedication.

In the 4th of Term Rep. 468, *Wilkinson* vs. *Payne*, the suit was brought upon a note, which appeared to have been given to induce the plaintiff to marry the defendant's daughter. The defence was, that, though the plaintiff in fact married the daughter, the marriage was not legal; and the marriage, shown on trial, was not legal. The plaintiff's wife had died three weeks after he became of age. Till then, they lived together as husband and wife; and were so treated by the connexions, and by the defendant himself. It was left to the jury to presume a legal marriage after the first, which was not legal. This they presumed accordingly; and the Court refused to grant a new trial. This must have been a very short period, though the exact length of it does not appear.

In 1st Phil. Ev. 129, marginal page, is a long note, citing several cases in support of a similar doctrine.

Addison,
January,
1833.

Sellick
vs.
Starr.

In Gray's case, 5 Coke, p. 79, one prescribed for right of common, and obtained a verdict. But as the evidence was, that he paid the annual rent of a hen and five eggs, a question arose, whether the verdict could stand, unless it were also found that he punctually paid this rent. But the Court said the landholder might distrain for the rent.

The defendant's possession would warrant the presumption of a seizin in fee, were it not for the proof of his taking possession under Miller. But that proof must be taken in connexion with the circumstances of the possession. If he paid rent, he must be presumed to hold on payment of rent. If he pays no rent, and none is demanded, it must be presumed that he was to hold without payment of rent. But the defendant's possessing in the new location of his office without paying rent, instead of the place where he had a life estate without paying rent, affords a presumption, that he had a life estate in the new location of his office, according to his claim, several times expressed.

In the 1st of Phil. Ev. 127, marginal page, it is said, "The usage, which is supposed to be founded on a grant or agreement, determines also the extent of the supposed grant. The right granted is considered to be commensurate with the right enjoyed." This, as applied to the case before us, is the defendant's enjoying without rent, is evidence of a grant, that he should enjoy without rent. This, of itself, would tend to show a grant in fee; Miller always living in sight of the premises. But, when it is also proved, that he held under Miller, and held this instead of the other piece, in which he clearly had a life estate, the whole tends to show, and would well warrant the presumption, that Miller had executed to the defendant some instrument, which vested in him a life estate in the premises.

This would decide the case, as between Miller and the defendant. But the plaintiff contends, that he is not to be affected by those circumstances, now urged by the defendant, which do not appear of record. It has been decided, that nine years possession under a contract for a deed and an unrecorded deed, was sufficient notice to an after at-

taching creditor, who procured his attachment to be first recorded.  See 2 Vt. R. 544, *Rublee* vs. *Mead.*

Here was a possession of eighteen years, of which the plaintiff could take notice as well as courts and jurors.— And he ought to draw the same presumptions from such possession as they would draw.   If he would claim any thing from seeing the office about to be removed from the premises, by consent of the defendant, he ought to have seen the thing perfected before he relied upon it.

Upon a full view of the case, the judgement of the County Court is reversed, rnd a new trial is granted.

*Starr, Phelps and Bell,* for the defendant.

*Bates & Chipman,* for the plaintiff.